IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

March 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| LINETTE PORTER-METLER, | ) | KNOX CIRCUIT |
| | ) | C.A. NO. 03A01-9709-CV-00393 |
| Plaintiff-Appellant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | HON. HAROLD WIMBERLY |
| | ) | JUDGE |
| ROBERT C. EDWARDS, | ) | |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | |
| | ) | REVERSED AND REMANDED |
| | ) | |

DAVID DAY, Day & Birdwell, P.C., Cookeville, for Appellant.


R. FRANKLIN NORTON and GEOFFREY D. KRESSIN, Norton & Luhn, P.C., Knoxville, for Appellee.




O P I N I O N

McMurray, J.


This is a legal malpractice action.  The plaintiff, Linette Porter-Metler, hired the defendant to represent her in an automobile accident case wherein she sued Patti Rose for injuries resulting from the accident.  The essence of plaintiff's complaint in this action is that the defendant failed to timely reissue

service of process against Rose, thereby negligently allowing her complaint to be dismissed. Defendant filed a motion for summary judgment, asserting that the one-year statute of limitations for legal malpractice actions had run, thereby barring plaintiff's action. The trial court granted summary judgment. This appeal resulted. We reverse the judgment of the trial court.

On October 10, 1984, plaintiff was injured in an accident involving a vehicle driven by Rose. She employed the defendant to represent her in a negligence action against Rose. A complaint against Rose was timely filed and a voluntary nonsuit was later taken by plaintiff. A second complaint was timely filed on January 6, 1993. Process was issued for service upon Rose but it was returned unserved. Alias process was issued on July 1, 1993 but it was also returned unserved on July 8, 1993. No further process was issued and no new complaint was timely filed.

In March 1994, counsel for Rose, by special appearance, filed a motion to dismiss on the grounds that no summons and complaint were served on her within the applicable limitations period and, therefore, plaintiff's action was time-barred. The Circuit Court for Knox County granted the motion and dismissed plaintiff's action. On June 12, 1995, plaintiff filed the present action, alleging the defendant was guilty of malpractice by failing to

properly reissue summons or timely refile her suit, thus allowing her claim against Rose to become time barred.

As noted above, the trial court granted defendant summary judgment on the grounds that plaintiff's malpractice claim was time-barred by the applicable one-year statute of limitations.[1] The determinative issue is: When should the plaintiff, in the exercise of reasonable diligence, have known that she had suffered a legally cognizable injury as a result of defendant's alleged negligence. Under the facts of this case, we are of the opinion that reasonable minds could reach differing conclusions, and, therefore, this case is not appropriate for summary judgment.

Our standard of review of a trial court's grant of summary judgment is well-settled:

> Tenn.R.Civ.P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. Anderson v. Standard Register Co.,857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991).

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most

---

[1]T.C.A. § 28-3-104(a)(2).

> favorable to the nonmoving party and must also draw all
> reasonable inferences in the nonmoving party's favor.
> Byrd, 847 S.W.2d at 210-11. Courts should grant a
> summary judgment only when both the facts and the
> conclusions to be drawn from the facts permit a reason-
> able person to reach only one conclusion. Id.

Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995).

In Carvell, the court discussed at length the "legal malprac-

tice discovery rule," by which it is determined when the one-year

statute of limitations begins to run. The court noted that the

discovery rule is composed of two distinct elements: (1) the

plaintiff must suffer a "legally cognizable injury" as a result of

the defendant's negligence; and (2) the plaintiff must have known,

or in the exercise of reasonable diligence should have known, that

this injury was caused by the defendant's negligence. Carvell, 900

S.W.2d at 28.

Regarding the first part of the discovery rule, plaintiff

argues that she did not suffer a legally cognizable injury until

the court entered an order dismissing her underlying case. We do

not find this argument persuasive. If the issue of whether

dismissal should have been granted were less clear or open to

reasonable legal debate, the plaintiff might have a stronger

argument. But in this case, where service of process was not

timely reissued, it was patently clear that plaintiff's claim

against Rose had become time-barred and there was nothing that

4

could have been done to revive her action.  Thus, she suffered a legally cognizable injury at the expiration of the six-month period within which she was allowed by the Tennessee Rules of Civil Procedure to reissue a summons against Rose.  See Batchelor v. Heiskell, et al., 828 S.W.2d 388, 393 (Tenn. App. 1991);  Dukes v. Noe, 856 S.W.2d 403, 404 (Tenn. App. 1993);  Smith v. Petkoff, 919 S.W.2d 595, 597 (Tenn. App. 1995).

This is not dispositive of this appeal, however, because the second part of the discovery rule must also be satisfied to trigger the beginning of the statute of limitations period.  Plaintiff testified that she did not know that she had suffered any legal injury, i.e., dismissal of her case, until defendant sent her a letter, dated June 11, 1994, advising that her action had been dismissed and that he could proceed no further on her claim.  Thus, the question resolves into whether a reasonable and diligent person in plaintiff's position should have known that she had suffered injury as a result of defendant's negligence before her receipt of the letter.

The record reveals the following facts pertinent to this inquiry.  Rose's motion to dismiss was apparently filed on March 8, 1994.  Defendant sent plaintiff a letter dated May 10, 1994, which stated in pertinent part:

5

Dear Linette:

　　We have still not been able to locate Ms. Rose, but we issued alias process again in February to her mother's address. That has been returned "not to be found". In the meantime, a Motion [sic] has been filed challenging our right to proceed alleging that we have not met certain deadlines with regard to the issuance of alias process. A copy of that Motion [sic] is enclosed. It is set for hearing May 20, 1994 at 9:00 a.m. I will, of course, appear and resist the Motion [sic]. Your presence is not required and no testimony will be taken but it will be open to the parties and the public. Should you choose not to attend I will let you know what transpires immediately after the hearing. Please call if you have questions.

A copy of Rose's motion to dismiss was attached to the letter.

In his deposition, the defendant admitted that his May 10 letter "is exceedingly neutral and not only did I compose it in that fashion, I composed it in that fashion after much discussion." He stated that he wrote the letter to his client after he consulted with and sought advice from other attorneys. When asked why the letter "was intentionally neutral," he responded, "[t]he potential generated by the motion was such that it was important to me that I not breach my ethical obligation to her, not to try and persuade her to feel one way or the other about the motion."

Plaintiff called the defendant after receiving the letter to find out what was going on with her case and the motion. She testified in her deposition that defendant told her "it's not a big deal" and that "[h]e expressed this is not unusual, that we've been

6

there before, I didn't have to be there."  In her affidavit, plaintiff reiterated that "my attorney advised me on the telephone that this type of motion was not unusual and that I had nothing to worry about.  I was particularly not concerned because other motions to dismiss had been filed in my earlier case." Plaintiff testified that due to the defendant's reassurances, she, as a lay person, without legal training, was unconcerned and unaware of the impending dismissal of her case.

Tennessee courts have recognized and held that questions involving whether a person's behavior conforms to a standard of reasonable and diligent conduct, such as the second part of the malpractice discovery rule test, are questions of fact for a jury, unless the facts and the inferences drawn therefrom are so clear that reasonable persons could not disagree on the answer. Woods & Woods v. Lewis, 902 S.W.2d 914, 917 (Tenn. App. 1994); Caledonia Leasing and Equipment Co., Inc. v. Armstrong, et al., 865 S.W.2d 10, 18 (Tenn. App. 1992) ("whether [plaintiff] discovered or, in the exercise of reasonable care and diligence, should have discovered an injury resulting from [defendant's] alleged negligence is a genuine issue of material fact, making a summary judgment disposition inappropriate."); National Mtg. Co. v. Washington, 744 S.W.2d 574, 580 (Tenn. App. 1987) ("Whether the plaintiff's employee should have known the legal effect of the order calls for a determination of the reasonableness of the

7

employee's conduct. Whether any kind of behavior conforms to a legal standard of reasonable conduct is a mere fact question for the jury, and not a question of law.").

Under the facts of this case which we must accept as true for purposes of the summary judgment, we cannot say, as a matter of law, that the plaintiff should have discovered that she had suffered an injury due to the defendant's negligence before she received the letter advising her that her case had been dismissed. In this regard it is particularly important that, according to plaintiff's testimony, she called the defendant to find out what was happening, and received assurances that everything was all right and she did not have to show up at the motion hearing. To dismiss this action on summary judgment would be tantamount to holding that a lay person, exercising due diligence, should have immediately mistrusted her attorney and began an independent investigation of his actions, despite his assurances that all was well with her case. We think that reasonable minds could differ on this issue, and, therefore, a genuine issue of fact exists.

We reverse the judgment of the trial court granting summary judgment in favor of the defendant and remand the case to the trial court. Costs on appeal are assessed to the appellee.

_____

8

                                    Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE


LINETTE PORTER-METLER,           )     KNOX CIRCUIT
                                 )     C.A. NO. 03A01-9709-CV-00393
          Plaintiff-Appellant   )
                                 )
vs.                              )
                                 )
                                 )     HON. HAROLD WIMBERLY
                                 )     JUDGE
ROBERT C. EDWARDS,               )
                                 )
          Defendant-Appellee    )
                                 )
                                 )     REVERSED AND REMANDED
                                 )


**<u>JUDGMENT</u>**


This appeal came on to be heard upon the record from the Circuit Court of Knox County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was reversible error in the trial court.

We reverse the judgment of the trial court granting summary judgment in favor of the defendant and remand the case to the trial court. Costs on appeal are assessed to the appellee.


PER CURIAM